1  KATHERINE HUIBONHOA, State Bar No. 207648
   MAGGIE W. TRINH, State Bar No. 279604
2  CURLEY, HURTGEN & JOHNSRUD LLP
   4400 Bohannon Drive, Suite 230
3  Menlo Park, CA 94025
   Telephone:   650.600.5300
4  Facsimile:    650.323.1002
   E-mail:  khuibonhoa@chjllp.com
5          mtrinh@chjllp.com

6
   Attorneys for Defendants
7  PAN DEMISTO LLC, SLAVIK MARKOVICH,
   RISHI BHARGAVA, AND BABAK BADKUBE
8
                  UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10

11
   ERICA CUNNINGHAM PACE,                  Case No. 5:19-cv-01348-EJD
12
                       Plaintiff,          **DEFENDANT BABAK "BOBBY"**
13                                         **BADKUBE'S ANSWER TO FIRST**
              v.                           **AMENDED COMPLAINT**
14
   PAN DEMISTO LLC; SLAVIK
15 MARKOVICH, *In his Individual and*
   *Corporate Official Capacities*, RISHI
16 BHARGAVA, *In his Individual and*
   *Corporate Official Capacities*, BABAK
17 BADKUBE *In his Individual and*
   *Corporate Official Capacities*; and DOES
18 1 through 50, inclusive,

19                     Defendants.

20

21         Defendant Babak "Bobby" Badkube ("Defendant Badkube") hereby responds to Plaintiff

22 Erica Cunningham Pace's First Amended Complaint as follows:

23                          **INTRODUCTION**

24         1.      Answering Paragraph 1, Defendant Badkube admits that Plaintiff purports to bring

25 this Complaint "to vindicate her federal and state constitutional, statutory and common law

26 rights."   To the extent Plaintiff alleges that Defendant violated such rights, Defendant denies,

27 generally and specifically, each and every allegation in this Paragraph.

28         2.      Answering Paragraph 2, this Paragraph makes no substantive factual allegations,

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

1

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

1   only legal conclusions and/or legal argument, to which no response is required.  To the extent a

2   response is required, Defendant Badkube denies, generally and specifically, each and every

3   allegation in this Paragraph.

4                           **JURISDICTION AND VENUE**

5        3.      Answering Paragraph 3, this Paragraph makes no substantive factual allegations,

6   only legal conclusions and/or legal argument, to which no response is required.  To the extent a

7   response is required, Defendant Badkube admits that Plaintiff asserts claims under federal law

8   which support federal question jurisdiction under 28 U.S.C. § 1331.

9        4.      Answering Paragraph 4, this Paragraph makes no substantive factual allegations,

10  only legal conclusions and/or legal argument, to which no response is required.  To the extent a

11  response is required, Defendant Badkube admits that Plaintiff asserts claims under California law

12  and the California Fair Employment and Housing Act ("FEHA").

13       5.      Answering Paragraph 5, Defendant Badkube admits that "one or more of the

14  Defendants reside, are headquartered and conduct business in this judicial district" and that venue

15  is proper in this judicial district.  The remaining allegations in this Paragraph make no substantive

16  factual allegations, only legal conclusions and/or legal argument, to which no response is

17  required.  To the extent a response is required, Defendant Badkube denies, generally and

18  specifically, each and every remaining allegation in this Paragraph.

19       6.      Answering Paragraph 6, Defendant Badkube admits the allegations in this

20  Paragraph on information and belief.

21                                **PARTIES**

22       7.      Answering Paragraph 7, Defendant Badkube admits the allegations on information

23  and belief.

24       8.      Answering Paragraph 8, Defendant Badkube avers that PAN Demisto LLC is a

25  limited liability corporation located in Santa Clara, California and that it is subject to suit under

26  FEHA.  Defendant Badkube denies on information and belief that PAN Demisto LLC's corporate

27  predecessor Demisto, Inc. has at all relevant times employed five or more persons.  The

28  remaining allegations in this Paragraph make no substantive factual allegations, only legal

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

2

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD)

1   conclusions and/or legal argument, to which no response is required.  To the extent a response is

2   required, Defendant Badkube denies, generally and specifically, each and every remaining

3   allegation in this Paragraph.

4        9.      Answering Paragraph 9, Defendant Badkube avers that Defendant Slavik

5   Markovich ("Defendant Markovich") co-founded Demisto and at all relevant times worked at

6   Demisto in Cupertino, California.  Defendant Badkube further avers that Defendant Markovich is

7   of Belorussian ethnicity and Israeli national origin.

8        10.     Answering Paragraph 10, Defendant Badkube admits that Defendant Rishi

9   Bhargava ("Defendant Bhargava") co-founded Demisto and at all relevant times worked at

10  Demisto in Cupertino, California.  Defendant Badkube further avers that Defendant Bhargava is

11  of Indian ethnicity and national origin.

12       11.     Answering Paragraph 11, Defendant Badkube avers that he started working at

13  Demisto in Cupertino, California in or about February 2017 as Senior Manager of Inside Sales.

14  Defendant Badkube further avers that he is of Iranian ethnicity and German national origin.  The

15  remaining allegations in this Paragraph (*i.e.*, characterizing Defendant Badkube as a

16  "Supervisor"), make no substantive factual allegations, only legal conclusions and/or legal

17  argument, to which no response is required.  To the extent a response is required, Defendant

18  Badkube denies, generally and specifically, each and every remaining allegation in this

19  Paragraph.

20                        **RESPONDEAT SUPERIOR**

21       12.     Answering Paragraph 12, this Paragraph makes no substantive factual allegations,

22  only legal conclusions and/or legal argument, to which no response is required.  To the extent a

23  response is required, Defendant Badkube denies, generally and specifically, each and every

24  allegation in this Paragraph.

25                **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26       13.     Answering Paragraph 13, Defendant Badkube admits and avers on information and

27  belief that Plaintiff filed an amended charge of discrimination with the California Department of

28  Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

3

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

("EEOC") on March 8, 2018, and that the DFEH issued Plaintiff a right to sue letter on November 27, 2018.  Defendant Badkube lacks sufficient information or belief to enable him to either admit or deny the allegation in this Paragraph that Plaintiff "received a right to sue letter from the EEOC on February 1, 2019" and, on that basis, denies generally and specifically that allegation. The remaining allegations in this Paragraph make no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a response is required, Defendant Badkube denies, generally and specifically, each and every remaining allegation in this Paragraph.

**WORKERS' COMPENSATION EXCLUSIVITY DOES NOT APPLY**

14.     Answering Paragraph 14, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a response is required, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

**STATEMENT OF FACTS**

15.     Answering Paragraph 15, Defendant Badkube admits on information and belief that Plaintiff started working at Demisto on May 16, 2016 as its first and only salesperson, and third U.S.-based employee.  Defendant Badkube avers on information and belief that Demisto hired Plaintiff based in part on her work experience as listed in her resume and discussed during the interview and hiring process.

16.     Answering Paragraph 16, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

17.     Answering Paragraph 17, Defendant Badkube admits on information and belief that Plaintiff was the only female and the only African-American inside sales representative working at Demisto as of July 2017.  Except as expressly admitted on information and belief, Defendant Badkube denies, generally and specifically, each and every remaining allegation in this Paragraph.

18.     Answering Paragraph 18, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

4

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

1  response is required, Defendant Badkube denies, generally and specifically, each and every

2  allegation in this Paragraph.

3        19.     Answering Paragraph 19, Defendant Badkube denies, generally and specifically,

4  each and every allegation in this Paragraph.

5        20.     Answering Paragraph 20, Defendant Badkube lacks sufficient information or

6  belief to enable to him to either admit or deny the allegations in this Paragraph, and on that basis

7  denies, generally and specifically, each and every remaining allegation in this Paragraph.

8        21.     Answering Paragraph 21, Defendant Badkube lacks sufficient information or

9  belief to enable him to either admit or deny the allegations in this Paragraph, and on that basis

10  denies, generally and specifically, each and every allegation in this Paragraph.

11        22.     Answering Paragraph 22, Defendant Badkube lacks sufficient information or

12  belief to enable him either to admit or deny the fact and content of the alleged December 5, 2017

13  email from David Byrd of RPM Mortgage to Plaintiff and, on that basis, denies generally and

14  specifically that allegation.  Defendant Badkube further denies, generally and specifically, each

15  and every remaining allegation in this Paragraph.

16        23.     Answering Paragraph 23, Defendant Badkube lacks sufficient information or

17  belief to enable him either to admit or deny the allegations of this Paragraph, and on that basis

18  denies, generally and specifically, each and every allegation in this Paragraph.

19        24.     Answering Paragraph 24, Defendant Badkube lacks sufficient information or

20  belief to enable him either to admit or deny the allegations of this Paragraph, and on that basis

21  denies, generally and specifically, each and every allegation in this Paragraph.

22        25.     Answering Paragraph 25, Defendant Badkube avers that on or about February 19,

23  2018, Plaintiff received a performance review indicating a performance score of 10 (out of a

24  maximum 36).  Except as expressly averred, Defendant Badkube denies, generally and

25  specifically, each and every remaining allegation in this Paragraph.

26        26.     Answering Paragraph 26, Defendant Badkube admits that Demisto terminated

27  Plaintiff's employment on March 5, 2018.  Except as expressly averred, Defendant Badkube

28  denies, generally and specifically, each and every remaining allegation in this Paragraph.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

5

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

27.     Answering Paragraph 27, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a response is required, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

## RATIFICATION, ADOPTION AND AUTHORIZATION

28.     Answering Paragraph 28, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

29.     Answering Paragraph 29, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a response is required, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

30.     Answering Paragraph 30, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a response is required, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

31.     Answering Paragraph 31, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

## DAMAGES

Economic Losses

32.     Answering Paragraph 32, Defendant Badkube lacks sufficient information or belief to enable him either to admit or deny the allegations in this Paragraph and, on that basis, denies generally and specifically the allegations contained therein.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in the sums alleged, in any other sum, or at all, by reason of any act or omission of Defendant Badkube. Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

Non-Economic Losses, Harm, and Injuries

33.     Answering Paragraph 33, Defendant Badkube lacks sufficient information or

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

6

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

1   belief to enable him either to admit or deny the allegations in this Paragraph and, on that basis,

2   denies generally and specifically the allegations contained therein.  Defendant Badkube further

3   denies, generally and specifically, that Plaintiff has been or will be damaged in the sums alleged,

4   in any other sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant

5   Badkube further denies, generally and specifically, that the elements of relief referenced are

6   available to Plaintiff on the claims she alleges.

7       34.     Answering Paragraph 34, Defendant Badkube denies, generally and specifically,

8   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

9   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

10  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

11  specifically, that the elements of relief referenced are available to Plaintiff on the claims she

12  alleges.

13  **FEDERAL CLAIMS**

14              **FIRST CAUSE OF ACTION**
                FEDERAL FAIR LABOR STANDARDS ACT
15              Retaliation under FLSA § 215(a)(3)
                (Against Defendant DEMISTO)
16

17      35.     Answering Paragraph 35, Defendant Badkube realleges and incorporates by

18  reference his answers to Paragraphs 1 through 34 as though fully set forth herein.

19      36.     Answering Paragraph 36, Defendant Badkube denies, generally and specifically,

20  each and every allegation in this Paragraph.

21      37.     Answering Paragraph 37, Defendant Badkube denies, generally and specifically,

22  each and every allegation in this Paragraph.

23      38.     Answering Paragraph 38, Defendant Badkube denies, generally and specifically,

24  each and every allegation in this Paragraph.

25      39.     Answering Paragraph 39, Defendant Badkube denies, generally and specifically,

26  each and every allegation in this Paragraph.

27      40.     Answering Paragraph 40, Defendant Badkube denies, generally and specifically,

28  each and every allegation in this Paragraph.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

7

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

41.     Answering Paragraph 41, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a response is required, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

42.     Answering Paragraph 42, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.  To the extent a response is required, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

43.     Answering Paragraph 43, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.

**SECOND CAUSE OF ACTION**
RACE DISCRIMINATION IN VIOLATION OF TITLE VII
(Against Defendant DEMISTO)

44.     Answering Paragraph 44, Defendant Badkube realleges and incorporates by reference his answers to Paragraphs 1 through 43 as though fully set forth herein.

45.     Answering Paragraph 45, Defendant Badkube admits the allegations on information and belief.

46.     Answering Paragraph 46, Defendant Badkube avers on information and belief that Defendant Markovich is of Belorussian ethnicity and Israeli national origin.

47.     Answering Paragraph 47, Defendant Badkube avers on information and belief that Defendant Bhargava is of Indian ethnicity and national origin.

48.     Answering Paragraph 46, Defendant Badkube avers that he is of Iranian ethnicity and German national origin.

49.     Answering Paragraph 49, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

50.     Answering Paragraph 50, Defendant Badkube lacks sufficient information or belief to enable him to either admit or deny the allegations in this Paragraph, and on that basis

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

8

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

1    **denies, generally and specifically, each and every allegation in this Paragraph**.

2    51.    Answering Paragraph 51, Defendant Badkube denies, generally and specifically,

3    each and every allegation in this Paragraph.

4    52.    Answering Paragraph 52, Defendant Badkube denies, generally and specifically,

5    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

6    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

7    or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

8    specifically, that the elements of relief referenced are available to Plaintiff on the claims she

9    alleges.

10                              **THIRD CAUSE OF ACTION**
                GENDER DISCRIMINATION IN VIOLATION OF TITLE VII
11                         (Against Defendant DEMISTO)

12   53.    Answering Paragraph 53, Defendant Badkube realleges and incorporates by

13   reference his answers to Paragraphs 1 through 52 as though fully set forth herein.

14   54.    Answering Paragraph 54, Defendant Badkube denies, generally and specifically,

15   each and every allegation in this Paragraph.

16   55.    Answering Paragraph 55, Defendant Badkube denies, generally and specifically,

17   each and every allegation in this Paragraph.

18   56.    Answering Paragraph 56, Defendant Badkube lacks sufficient information or

19   belief to enable him either to admit or deny the allegations of this Paragraph, and on that basis

20   denies, generally and specifically, each and every allegation in this Paragraph.

21   57.    Answering Paragraph 57, Defendant Badkube **lacks sufficient information or**

22   **belief to enable him either to admit or deny the allegations of this Paragraph, and on that**

23   **basis denies, generally and specifically, each and every allegation in this Paragraph**.

24   58.    Answering Paragraph 58, Defendant Badkube denies, generally and specifically,

25   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

26   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

27   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

28   specifically, that the elements of relief referenced are available to Plaintiff on the claims she

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

9                    DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

1  alleges.

2  **FOURTH CAUSE OF ACTION**
   AGE DISCRIMINATION IN VIOLATION OF ADEA
3  (Against Defendant DEMISTO)

4       59.     Answering Paragraph 59, Defendant Badkube realleges and incorporates by

5  reference his answers to Paragraphs 1 through 58 as though fully set forth herein.

6       60.     Answering Paragraph 60, Defendant Badkube admits the allegations on

7  information and belief.

8       61.     Answering Paragraph 61, this Paragraph makes no substantive factual allegations,

9  only legal conclusions and/or legal argument, to which no response is required.

10       62.     Answering Paragraph 62, Defendant Badkube denies, generally and specifically,

11  each and every allegation in this Paragraph.

12       63.     Answering Paragraph 63, Defendant Badkube denies, generally and specifically,

13  each and every allegation in this Paragraph.

14       64.     Answering Paragraph 64, Defendant Badkube denies, generally and specifically,

15  each and every allegation in this Paragraph.

16       65.     Answering Paragraph 65, Defendant Badkube denies, generally and specifically,

17  each and every allegation in this Paragraph.

18       66.     Answering Paragraph 66, Defendant Badkube denies, generally and specifically,

19  each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

20  specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

21  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

22  specifically, that the elements of relief referenced are available to Plaintiff on the claims she

23  alleges.

24  **FIFTH CAUSE OF ACTION**
   DISCRIMINATION IN VIOLATION OF ADA
25  (Against Defendant DEMISTO)

26       67.     Answering Paragraph 67, Defendant Badkube realleges and incorporates by

27  reference his answers to Paragraphs 1 through 66 as though fully set forth herein.

28       68.     Answering Paragraph 68, this Paragraph makes no substantive factual allegations,

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

10

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

only legal conclusions and/or legal argument, to which no response is required.

69.    Answering Paragraph 69, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

70.    Answering Paragraph 70, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

71.    Answering Paragraph 71, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

72.    Answering Paragraph 72, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

73.    Answering Paragraph 73, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

74.    Answering Paragraph 74, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

75.    Answering Paragraph 75, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

76.    Answering Paragraph 76, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

77.    Answering Paragraph 77, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

78.    Answering Paragraph 78, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

11

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

alleges.

## SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF TITLE VII
#### (Against Defendant DEMISTO)

79.     Answering Paragraph 79, Defendant Badkube realleges and incorporates by reference his answers to Paragraphs 1 through 78 as though fully set forth herein.

80.     Answering Paragraph 80, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

81.     Answering Paragraph 81, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

82.     Answering Paragraph 82, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

83.     Answering Paragraph 83, Defendant Badkube lacks sufficient information or belief to enable him to either admit or deny the allegations in this Paragraph, and on that basis denies, generally and specifically, each and every allegation in this Paragraph.

84.     Answering Paragraph 84, Defendant Badkube admits that Demisto terminated Plaintiff's employment on March 5, 2018.  Except as expressly averred, Defendant Badkube denies, generally and specifically, each and every remaining allegation in this Paragraph.

85.     Answering Paragraph 85, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

## SEVENTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT – VIOLATION OF TITLE VII
#### (Against Defendants DEMISTO and Defendant BOBBY)

86.     Answering Paragraph 86, Defendant Badkube realleges and incorporates by reference his answers to Paragraphs 1 through 85 as though fully set forth herein.

87.     Answering Paragraph 87, this Paragraph makes no substantive factual allegations,

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

12

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

1    only legal conclusions and/or legal argument, to which no response is required.

2        88.    Answering Paragraph 88, Defendant Badkube denies, generally and specifically,

3    each and every allegation in this Paragraph.

4        89.    Answering Paragraph 89, Defendant Badkube denies, generally and specifically,

5    each and every allegation in this Paragraph.

6        90.    Answering Paragraph 90, Defendant Badkube lacks sufficient information or

7    belief to enable him either to admit or deny the allegations of this Paragraph, and on that basis

8    denies, generally and specifically, each and every allegation in this Paragraph.

9        91.    Answering Paragraph 91, Defendant Badkube lacks sufficient information or

10   belief to enable him either to admit or deny the allegations of this Paragraph, and on that basis

11   denies, generally and specifically, each and every allegation in this Paragraph.

12       92.    Answering Paragraph 92, Defendant Badkube denies, generally and specifically,

13   each and every allegation in this Paragraph.

14       93.    Answering Paragraph 93, Defendant Badkube denies, generally and specifically,

15   each and every allegation in this Paragraph.

16       94.    Answering Paragraph 94, Defendant Badkube denies, generally and specifically,

17   each and every allegation in this Paragraph.

18       95.    Answering Paragraph 95, Defendant Badkube denies, generally and specifically,

19   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

20   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

21   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

22   specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

23

24   **STATE CLAIMS**

25                          **EIGHTH CAUSE OF ACTION**
                            RETALIATION UNDER FEHA
26                          (Against Defendant DEMISTO)

27       96.    Answering Paragraph 96, Defendant Badkube realleges and incorporates by

28   reference his answers to Paragraphs 1 through 95 as though fully set forth herein.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

13

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-01348-EJD )

97.     Answering Paragraph 97, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

98.     Answering Paragraph 98, Defendant Badkube avers on information and belief that Plaintiff was employed by Defendant PAN Demisto LLC's corporate predecessor Demisto, Inc. from May 16, 2016 to March 5, 2018 and that PAN Demisto LLC regularly employs 5 or more employees.  Except as expressly averred, Defendant Badkube denies, generally and specifically, each and every remaining allegation in this Paragraph.

99.     Answering Paragraph 99, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

100.    Answering Paragraph 100, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

101.    Answering Paragraph 101, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

102.    Answering Paragraph 102, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

**NINTH CAUSE OF ACTION**
RETALIATION IN VIOLATION OF LABOR CODE § 1102.5
(Against Defendant DEMISTO)

103.    Answering Paragraph 103, Defendant Badkube realleges and incorporates by reference his answers to Paragraphs 1 through 102 as though fully set forth herein.

104.    Answering Paragraph 104, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

14

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

105.    Answering Paragraph 105, Defendant Badkube admits and avers on information and belief that Plaintiff filed an amended charge of discrimination against Demisto with the DFEH and the EEOC on March 8, 2018.  Except as expressly averred, Defendant Badkube denies, generally and specifically, each and every remaining allegation in this Paragraph.

106.    Answering Paragraph 106, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

107.    Answering Paragraph 107, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

108.    Answering Paragraph 108, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

109.    Answering Paragraph 109, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

**TENTH CAUSE OF ACTION**
INVASION OF PRIVACY
Violation of Article 1 of California Constitution
(Against Defendant DEMISTO)

110.    Answering Paragraph 110, Defendant Badkube realleges and incorporates by reference his answers to Paragraphs 1 through 109 as though fully set forth herein.

111.    Answering Paragraph 111, this Paragraph makes no substantive factual allegations, only legal conclusions and/or legal argument, to which no response is required.

112.    Answering Paragraph 112, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

15

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

113.    Answering Paragraph 113, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

114.    Answering Paragraph 114, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph. Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube. Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

115.    Answering Paragraph 115, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph. Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube. Defendant Badkube further denies, generally and specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

**ELEVENTH CAUSE OF ACTION**
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

116.    Answering Paragraph 116, Defendant Badkube realleges and incorporates by reference his answers to Paragraphs 1 through 115 as though fully set forth herein.

117.    Answering Paragraph 117, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

118.    Answering Paragraph 118, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph. Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube. Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

119.    Answering Paragraph 119, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph. Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

16

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1    or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

2    specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

3    <div align="center">**TWELFTH CAUSE OF ACTION**<br>DISABILITY DISCRIMINATION UNDER FEHA<br>(Against Defendant DEMISTO)</div>

4

5    120.     Answering Paragraph 120, Defendant Badkube realleges and incorporates by

6    reference his answers to Paragraphs 1 through 119 as though fully set forth herein.

7    121.     Answering Paragraph 121, the allegation in this Paragraph regarding California

8    Government Code § 12940(m) is legal argument to which no response is required.  Defendant

9    Badkube denies, generally and specifically, each and every remaining allegation in this

10    Paragraph.

11    122.     Answering Paragraph 122, Defendant Badkube denies, generally and specifically,

12    each and every allegation in this Paragraph.

13    123.     Answering Paragraph 123, Defendant Badkube denies, generally and specifically,

14    each and every allegation in this Paragraph.

15    124.     Answering Paragraph 124, Defendant Badkube denies, generally and specifically,

16    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

17    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

18    or omission of Defendant Badkube.

19    125.     Answering Paragraph 125, Defendant Badkube denies, generally and specifically,

20    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

21    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

22    or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

23    specifically, that the elements of relief referenced are available to Plaintiff on the claims she

24    alleges.

25    126.     Answering Paragraph 126, Defendant Badkube denies, generally and specifically,

26    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

27    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

28    or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

1    specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

2

3    **THIRTEENTH CAUSE OF ACTION**
     VIOLATION OF FEHA – FAILURE TO PROTECT FROM DISCRIMINATION PROCESS
4    UNDER GOVERNMENT CODE § 12940
     (Against Defendant DEMISTO)

5

6    127.    Answering the first sentence of Paragraph 127, Defendant Badkube realleges and

7    incorporates by reference his answers to Paragraphs 1 through 126 as though fully set forth

8    herein.  Answering the remaining portion of Paragraph 127, the allegation regarding California

9    Government Code § 12940(j) is legal argument to which no response is required.  Defendant

10   Badkube denies, generally and specifically, each and every remaining allegation in this

11   Paragraph.

12   128.    Answering Paragraph 128, Defendant Badkube denies, generally and specifically,

13   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

14   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

15   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

16   specifically, that the elements of relief referenced are available to Plaintiff on the claims she

17   alleges.

18   129.    Answering Paragraph 129, Defendant Badkube denies, generally and specifically,

19   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

20   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

21   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

22   specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

23   **FOURTEENTH CAUSE OF ACTION**
     VIOLATION OF FEHA – FAILURE TO ENGAGE IN INTERACTIVE
24   PROCESS UNDER GOVERNMENT CODE § 12940(n)
     (Against Defendant DEMISTO)

25

26   130.    Answering Paragraph 130, Defendant Badkube realleges and incorporates by

27   reference his answers to Paragraphs 1 through 129 as though fully set forth herein.

28   131.    Answering Paragraph 131, this Paragraph makes no substantive factual allegations,

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

18

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1    only legal conclusions and/or legal argument, to which no response is required.

2         132.    Answering Paragraph 132, Defendant Badkube denies, generally and specifically,

3    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

4    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

5    or omission of Defendant Badkube.

6         133.    Answering Paragraph 133, Defendant Badkube denies, generally and specifically,

7    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

8    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

9    or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

10   specifically, that the elements of relief referenced are available to Plaintiff on the claims she

11   alleges.

12        134.    Answering Paragraph 134, Defendant Badkube denies, generally and specifically,

13   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

14   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

15   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

16   specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

17                              **FIFTEENTH CAUSE OF ACTION**
                     DISCRIMINATION – HOSTILE WORK ENVIRONMENT – FEHA
18                          (Against Defendants DEMISTO and BOBBY)

19        135.    Answering Paragraph 135, Defendant Badkube realleges and incorporates by

20   reference his answers to Paragraphs 1 through 134 as though fully set forth herein.

21        136.    Answering Paragraph 136, Defendant Badkube denies, generally and specifically,

22   each and every allegation in this Paragraph.

23        137.    Answering Paragraph 137, Defendant Badkube denies, generally and specifically,

24   each and every allegation in this Paragraph.

25        138.    Answering Paragraph 138, Defendant Badkube denies, generally and specifically,

26   each and every allegation in this Paragraph.

27        139.    Answering Paragraph 139, Defendant Badkube lacks sufficient information or

28   belief to enable him either to admit or deny the allegations of this Paragraph, and on that basis

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

19

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

denies, generally and specifically, each and every allegation in this Paragraph.

140.   Answering Paragraph 140, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

141.   Answering Paragraph 141, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

142.   Answering Paragraph 142, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

### SIXTEENTH CAUSE OF ACTION
DISCRIMINATION IN VIOLATION OF FEHA – DISPARATE TREATMENT
(Against Defendant DEMISTO)

143.   Answering Paragraph 143, Defendant Badkube realleges and incorporates by reference his answers to Paragraphs 1 through 142 as though fully set forth herein.

144.   Answering Paragraph 144, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.

145.   Answering Paragraph 145, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that the elements of relief referenced are available to Plaintiff on the claims she alleges.

146.   Answering Paragraph 146, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

CURLEY, HURTGEN & JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

20

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

2    or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

3    specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

4    **SEVENTEENTH CAUSE OF ACTION**
     RETALIATION AND VIOLATION PUBLIC POLICY/TAMENY

5    (WRONGFUL TERMINATION)
     (Against Defendant DEMISTO)

6

7        147.    Answering Paragraph 147, Defendant Badkube realleges and incorporates by

8    reference his answers to Paragraphs 1 through 146 as though fully set forth herein.

9        148.    Answering Paragraph 148, Defendant Badkube denies, generally and specifically,

10   each and every allegation in this Paragraph.

11       149.    Answering Paragraph 149,  Defendant Badkube lacks sufficient information or

12   belief to enable him either to admit or deny the allegations of this Paragraph, and on that basis

13   denies, generally and specifically, each and every allegation in this Paragraph.

14       150.    Answering Paragraph 150, this Paragraph makes no substantive factual allegations,

15   only legal conclusions and/or legal argument, to which no response is required.

16       151.    Answering Paragraph 151, this Paragraph makes no substantive factual allegations,

17   only legal conclusions and/or legal argument, to which no response is required.

18       152.    Answering Paragraph 152, Defendant Badkube denies, generally and specifically,

19   each and every allegation in this Paragraph.

20       153.    Answering Paragraph 153, Defendant Badkube denies, generally and specifically,

21   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

22   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

23   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

24   specifically, that the elements of relief referenced are available to Plaintiff on the claims she

25   alleges.

26       154.    Answering Paragraph 154, Defendant Badkube denies, generally and specifically,

27   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

28   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

21

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

2   specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

3   **EIGHTEENTH CAUSE OF ACTION**
    BREACH OF CONTRACT

4   (Against Defendant DEMISTO)

5   155.   Answering Paragraph 155, Defendant Badkube realleges and incorporates by

6   reference his answers to Paragraphs 1 through 154 as though fully set forth herein.

7   156.   Answering Paragraph 156, Defendant Badkube denies, generally and specifically,

8   each and every allegation in this Paragraph.

9   157.   Answering Paragraph 157, Defendant Badkube denies, generally and specifically,

10  each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

11  specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

12  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

13  specifically, that the elements of relief referenced are available to Plaintiff on the claims she

14  alleges.

15  158.   Answering Paragraph 158, Defendant Badkube denies, generally and specifically,

16  each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

17  specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

18  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

19  specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

20  **NINETEENTH CAUSE OF ACTION**
    BAD FAITH BREACH OF GOOD FAITH AND FAIR DEALING

21  (Against Defendant DEMISTO)

22  159.   Answering Paragraph 159, Defendant Badkube realleges and incorporates by

23  reference his answers to Paragraphs 1 through 158 as though fully set forth herein.

24  160.   Answering Paragraph 160, Defendant Badkube denies, generally and specifically,

25  each and every allegation in this Paragraph.

26  161.   Answering Paragraph 161, Defendant Badkube denies, generally and specifically,

27  each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

28  specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

22

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

2  specifically, that the elements of relief referenced are available to Plaintiff on the claims she

3  alleges.

4      162.    Answering Paragraph 162, Defendant Badkube denies, generally and specifically,

5  each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

6  specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

7  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

8  specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

9                        **TWENTIETH CAUSE OF ACTION**
                TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
10                          (Against Defendant BOBBY)

11      163.    Answering Paragraph 163, Defendant Badkube realleges and incorporates by

12  reference his answers to Paragraphs 1 through 162 as though fully set forth herein.

13      164.    Answering Paragraph 164, this Paragraph makes no substantive factual allegations,

14  only legal conclusions and/or legal argument, to which no response is required.

15      165.    Answering Paragraph 165, Defendant Badkube denies, generally and specifically,

16  each and every allegation in this Paragraph.

17      166.    Answering Paragraph 22, Defendant Badkube lacks sufficient information or

18  belief to enable him either to admit or deny the fact and content of the alleged December 5, 2017

19  email from David Byrd of RPM Mortgage to Plaintiff and, on that basis, denies generally and

20  specifically that allegation.  Defendant Badkube further denies, generally and specifically, each

21  and every remaining allegation in this Paragraph.

22      167.    Answering Paragraph 167, Defendant Badkube lacks sufficient information or

23  belief to enable him either to admit or deny the allegations in this Paragraph and, on that basis,

24  denies generally and specifically the allegations contained therein.  Defendant Badkube further

25  denies, generally and specifically, that Plaintiff has been or will be damaged in the sums alleged,

26  in any other sum, or at all, by reason of any act or omission of Defendant Badkube.

27      168.    Answering Paragraph 168, Defendant Badkube lacks sufficient information or

28  belief to enable him either to admit or deny the allegations in this Paragraph and, on that basis,

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

23

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1    denies generally and specifically the allegations contained therein.  Defendant Badkube further

2    denies, generally and specifically, that Plaintiff has been or will be damaged in the sums alleged,

3    in any other sum, or at all, by reason of any act or omission of Defendant Badkube.

4         169.    Answering Paragraph 169, Defendant Badkube avers on information and belief

5    that on or about March 28, 2019, Demisto was acquired by Palo Alto Networks for approximately

6    $560 million in cash and stock.  Defendant Badkube lacks sufficient information or belief to

7    enable him either to admit or deny the remaining allegations in this Paragraph and, on that basis,

8    denies generally and specifically the allegations contained therein.

9         170.    Answering Paragraph 170, Defendant Badkube denies, generally and specifically,

10   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

11   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

12   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

13   specifically, that the elements of relief referenced are available to Plaintiff on the claims she

14   alleges.

15        171.    Answering Paragraph 171, Defendant Badkube denies, generally and specifically,

16   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

17   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

18   or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

19   specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

20                          **TWENTY-FIRST CAUSE OF ACTION**
                              Labor Code § 201, § 223, § 218.5
21                            (Against Defendant DEMISTO)

22        172.    Answering Paragraph 172, Defendant Badkube realleges and incorporates by

23   reference his answers to Paragraphs 1 through 171 as though fully set forth herein.

24   ***Violation of Labor Code § 201***

25        173.    Answering Paragraph 173, this Paragraph makes no substantive factual allegations,

26   only legal conclusions and/or legal argument, to which no response is required.

27        174.    Answering Paragraph 174, this Paragraph makes no substantive factual allegations,

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

24

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1  only legal conclusions and/or legal argument, to which no response is required.

2      175.    Answering Paragraph 175, this Paragraph makes no substantive factual allegations,

3  only legal conclusions and/or legal argument, to which no response is required.

4      176.    Answering Paragraph 176, Defendant Badkube denies, generally and specifically,

5  each and every allegation in this Paragraph.

6  *Violation of Labor Code § 201*

7      177.    Answering Paragraph 177, this Paragraph makes no substantive factual allegations,

8  only legal conclusions and/or legal argument, to which no response is required.

9      178.    Answering Paragraph 178, Defendant Badkube denies, generally and specifically,

10  each and every allegation in this Paragraph.

11      179.    Answering Paragraph 179, Defendant Badkube denies, generally and specifically,

12  each and every allegation in this Paragraph.

13      180.    Answering Paragraph 180, Defendant Badkube denies, generally and specifically,

14  each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

15  specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

16  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

17  specifically, that the elements of relief referenced are available to Plaintiff on the claims she

18  alleges.

19      181.    Answering Paragraph 181, Defendant Badkube denies, generally and specifically,

20  each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

21  specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

22  or omission of Defendant Badkube.  Defendant Badkube further denies, generally and

23  specifically, that Plaintiff is entitled to punitive damages on the claims she alleges.

24  **TWENTY-SECOND CAUSE OF ACTION**
NEGLIGENCE

25  (Against All Defendants)

26      182.    Answering Paragraph 182, Defendant Badkube realleges and incorporates by

27  reference his answers to Paragraphs 1 through 181 as though fully set forth herein.

28      183.    Answering Paragraph 183, Defendant Badkube denies, generally and specifically,

Curley, Hurtgen & Johnsrud llp
Counselors At Law
Menlo Park

25

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1    each and every allegation in this Paragraph.

2         184.    Answering Paragraph 184, Defendant Badkube denies, generally and specifically,

3    each and every allegation in this Paragraph.

4         185.    Answering Paragraph 185, Defendant Badkube denies, generally and specifically,

5    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

6    specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

7    or omission of Defendant Badkube.

8         186.    Answering Paragraph 186, Defendant Badkube denies, generally and specifically,

9    each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

10   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

11   or omission of Defendant Badkube.

12                          **TWENTY-THIRD CAUSE OF ACTION**
                           STATUTORY INTEREST ON UNPAID WAGES
13                                   Labor Code § 218.6
                                 (Against Defendant DEMISTO)
14

15        187.    Answering Paragraph 187, Defendant Badkube realleges and incorporates by

16   reference his answers to Paragraphs 1 through 186 as though fully set forth herein.

17        188.    Answering Paragraph 188, this Paragraph makes no substantive factual allegations,

18   only legal conclusions and/or legal argument, to which no response is required.

19        189.    Answering Paragraph 189, this Paragraph makes no substantive factual allegations,

20   only legal conclusions and/or legal argument, to which no response is required.

21        190.    Answering Paragraph 190, Defendant Badkube admits that Plaintiff purports to

22   demand interest and to pray for an injunctive order.   Except as expressly admitted, Defendant

23   Badkube denies, generally and specifically, each and every remaining allegation in this

24   Paragraph.

25        191.    Answering Paragraph 191, Defendant Badkube denies, generally and specifically,

26   each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and

27   specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act

28   or omission of Defendant Badkube.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

26

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

**PUNITIVE DAMAGES**

192.    Answering Paragraph 192, Defendant Badkube denies, generally and specifically, each and every allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that Plaintiff is entitled to punitive damages.

**PRIVATE ATTORNEY GENERAL ATTORNEYS' FEES**

193.    Answering Paragraph 193, Defendant Badkube admits that Plaintiff purports to request "attorneys' fees pursuant to California's the [sic] Private Attorney General Doctrine." Except as expressly admitted, Defendant Badkube denies, generally and specifically, each and every remaining allegation in this Paragraph.  Defendant Badkube further denies, generally and specifically, that Plaintiff is entitled to attorneys' fees.

**PRAYER FOR RELIEF**

Responding to the Prayer for Relief in the Complaint, Defendant Badkube denies, generally and specifically, that Plaintiff has been or will be damaged in the sums alleged, in any other sum, or at all, by reason of any act or omission of Defendant Badkube.  Defendant Badkube further denies, generally and specifically, that Plaintiff is entitled to the relief she seeks or to any relief, and/or that the elements of relief sought are available to Plaintiff on the particular claims alleged.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(No Jurisdiction)**

This Court is without jurisdiction over Plaintiff's claims to the extent Plaintiff has failed to timely satisfy or otherwise satisfy jurisdictional requirements or prerequisites to suit, or makes allegations or claims that do not reasonably fall within the scope of claims made in any administrative complaint.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

27

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State A Claim)**

The Complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(No Discrimination)**

All actions being challenged by Plaintiff were taken for legitimate, non-discriminatory and non-pretextual reasons.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff failed to mitigate her damages, if any, and any recovery or award should be reduced accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's recovery, if any, may be barred in whole or in part by Plaintiff's own unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's recovery, if any, may be barred in whole or in part by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Even if Plaintiff could establish liability (which Defendant Badkube denies), Defendant cannot be held liable because Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

28

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH AFFIRMATIVE DEFENSE

### (Management Discretion)

Any and all conduct of which Plaintiff complains or which is attributable to Defendant Badkube was a just and proper exercise of management discretion undertaken in good faith, for a fair and honest reason other than Plaintiff's alleged protected characteristic.

## NINTH AFFIRMATIVE DEFENSE

### (Business Judgment)

Defendant Badkube was fully justified, and exercised reasonable care, prudence, skill and business judgment with respect to Plaintiff, and any decisions made with respect to Plaintiff were made without regard to Plaintiff's alleged protected characteristic and made with good cause.

## TENTH AFFIRMATIVE DEFENSE

### (No Causation)

No conduct by or attributable to Defendant Badkube was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Ratification/Consent)

Plaintiff's claims may be barred to the extent Plaintiff ratified and/or consented to any conduct attributable to Defendant Badkube of which she now complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

To the extent during the course of this litigation Defendant Badkube acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's relationship with Defendant, such after-acquired evidence should bar

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

29

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1  Plaintiff's claims for damages or reduce such claims or damages as provided by law.

2  ### FOURTEENTH AFFIRMATIVE DEFENSE

3  ### (Waiver and Estoppel)

4  Plaintiff may have waived and/or be equitably estopped from asserting the claims alleged

5  in her Complaint to the extent Plaintiff has, by his own conduct, intentionally induced, caused,

6  and/or contributed to the alleged conduct of which Plaintiff now complains.

7  ### FIFTEENTH AFFIRMATIVE DEFENSE

8  ### (Mixed-Motive/Same Decision)

9  To the extent that Plaintiff establishes that discrimination was a substantial motivating

10 factor in any employment decisions affecting Plaintiff, which it was not, legitimate reasons,

11 standing alone, would have induced Defendant Badkube to make the same employment decisions.

12 ### SIXTEENTH AFFIRMATIVE DEFENSE

13 ### (Workers' Compensation – Exclusive Remedy)

14 To the extent that Plaintiff seeks recovery on account of physical and emotional pain and

15 suffering, then her exclusive remedy for such damages is under the California Workers'

16 Compensation Act.

17 ### SEVENTEENTH AFFIRMATIVE DEFENSE

18 ### (Setoff and Recoupment)

19 To the extent that Plaintiff seeks recovery of damages, Defendant Badkube alleges that it

20 is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or

21 all obligations that Plaintiff owed to him against any judgment that may be entered against him.

22 ### EIGHTEENTH AFFIRMATIVE DEFENSE

23 ### (Excessive Fines)

24 To the extent Plaintiff seeks to recover civil penalties that are disproportionate to the

25 actual harm suffered, if any, an award of civil penalties under the circumstances of this case

26 would constitute an excessive fine and otherwise would be in violation of Defendant Badkube's

27 due process and other rights under the United States and California Constitutions.

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

30

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendant Badkube is informed and believes and on that basis alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff would be unjustly enriched if she were permitted to recover anything from Defendant Badkube.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Entitlement to Equitable Or Injunctive Relief)

Plaintiff is not entitled to any equitable or injunctive relief because Plaintiff has suffered no irreparable injury based upon any alleged conduct of Defendant Badkube, and Plaintiff has an adequate remedy at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Plaintiff is not entitled to recover punitive or exemplary damages, and any allegations with respect thereto should be stricken, because an award of punitive damages in this action would violate Defendant Badkube's constitutional rights under the due process clauses of Article 1 of the California Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (California Civil Code § 3294)

Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:  (a) Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud and/or malice; and/or (b) Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for her rights or that Defendant Badkube was motivated by evil motive or intent; and/or (c) neither Defendant Badkube, nor any of its managing agents, committed any alleged oppressive, fraudulent, or malicious act,

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

31

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )

1   authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any

2   employee or employees who allegedly committed such an act, or employed any such employee or

3   employees with a conscious disregard of the rights or safety of others.

4   <center>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</center>

5   <center>**(Good Policies Foreclose Punitive Damages)**</center>

6   Plaintiff is not entitled to recover any punitive or exemplary damages against Defendant

7   Badkube, and any allegations with respect thereto should be stricken, because at all times relevant

8   to the Complaint, Defendant Badkube had in place policies to prevent harassment and

9   discrimination in the workplace and made good-faith efforts to implement and enforce those

10  policies.

11  <center>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</center>

12  <center>**(Comparative Fault/Contributory Negligence)**</center>

13  To the extent that Plaintiff seeks recovery of damages, Defendant alleges that Plaintiff's

14  own negligence was a substantial factor in causing her harm.

15  <center>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</center>

16  <center>**(Preservation of Unknown Defenses)**</center>

17  Defendant Badkube has insufficient knowledge or information on which to form a belief

18  as to whether he has any additional, as yet unstated, defenses available.  Defendant Badkube

19  reserves the right to assert additional defenses in the event discovery indicates it would be

20  appropriate.

21

22

23  Dated: May 14, 2019                              CURLEY, HURTGEN & JOHNSRUD LLP

24

25                                          By  /S/ Katherine C. Huibonhoa
                                                KATHERINE C. HUIBONHOA
26                                              Attorneys for DEFENDANTS
                                                PAN DEMISTO LLC, SLAVIK
27                                              MARKOVICH, RISHI BHARGAVA,  and
                                                BABAK BADKUBE
28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

32

DEFENDANT BADKUBE'S
ANSWER TO FIRST AMENDED COMPLAINT
(CASE NO.5:19-CV-0348-EJD )